BUNTING BRASS & BRONZE CO. *v.* LIBERMAN & GITTLEN METAL CO.

SALES—BREACH OF CONTRACT—DAMAGES.

Buyer's damages for seller's failure to deliver brass according to contract was difference between contract price and current price or market value at time and place of delivery.

Error to Kent; Dunham (Major L.), J. Submitted October 22, 1930. (Docket No. 124, Calendar No. 35,055.) Decided January 7, 1931.

Assumpsit by Bunting Brass & Bronze Company, an Ohio corporation, against Liberman & Gittlen Metal Company, a Michigan corporation, for damages for breach of a contract to sell a quantity of brass. Judgment for plaintiff. Defendant brings error. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*Bartel J. Jonkman* and *Arthur R. Sherk,* for defendant.

Potter, J.  Plaintiff recovered judgment against defendant in the sum of $1,936.98, and costs. Defendant brings error.

Plaintiff's buyer called defendant's seller by telephone and bought approximately 15 ton of brass. Defendant acknowledged the purchase by plaintiff and sale by defendant by letter.  It said:

"As per telephone conversation of even date, we herewith, confirm our sale and your purchase of \* \* \* one car approximately 15 ton consisting of hard brass bushings and similar material at 12¼¢."

Plaintiff sent a written order to defendant in which there was an error.  At defendant's request this order was changed from the erroneous amount of 60,000 pounds to read 30,000 pounds. Defendant did not ship the brass within a reasonable time. Plaintiff asked for shipment, and defendant asked for additional time to make shipment, which was granted by plaintiff.  When defendant neglected and refused to ship the brass, plaintiff notified it that if the brass was not shipped plaintiff would be compelled to go into the open market to purchase brass and hold defendant liable for the difference between the contract price and the price it was compelled to pay.

Defendant not furnishing the brass, plaintiff bought it in the open market, paying a higher price; sued and recovered judgment for the difference between the contract price and the current price or market value of the brass, at the time and place of

delivery. This was the proper measure of damages. Judgment affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.